# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **THE BANK OF NEW YORK MELLON, as Trustee, f/k/a The Bank of New York, successor in interest to JP Morgan Chase Bank, N.A.,** | |
| Plaintiff, | **1:18-cv-1846-WSD** |
| v. | |
| **JAMES GOODWIN,** | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation [2] ("Final R&R"), which recommends remanding this action to the Magistrate Court of DeKalb County. Also before the Court is Defendant James Goodwin's ("Defendant") Motion to Stay [4].

## I. BACKGROUND

Sometime in July 2017, Plaintiff The Bank of New York Mellon, as Trustee, f/k/a The Bank of New York, successor in interest to JP Morgan Chase Bank, N.A., ("Plaintiff") initiated a dispossessory proceeding against its tenant, Defendant, in the Magistrate Court of DeKalb County, Georgia (the "DeKalb

County Action") to evict him after a foreclosure sale.[1]  On April 30, 2018, Defendant, proceeding *pro se*, filed his Notice of Removal removing the DeKalb County Action to this Court.  (See [1.1]).  Defendant appears to assert that federal subject matter jurisdiction exists because there is a question of federal law in this action.  Defendant states specifically that the dispossessory proceedings occurred "in violation of the Federal Protecting Tenants Act Foreclosure Act Sec. 702, 15USC 1692(a) and the Fourteenth Amendment of the United States Constitution." ([1.1] at 1).

On May 1, 2018, the Magistrate Judge issued his Final R&R recommending that the case be remanded to the Magistrate Court of DeKalb County for lack of subject matter jurisdiction.  The parties did not file objections to the Final R&R.

## II. DISCUSSION

### A. Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those

---

[1] No. 17019677.

portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984). Where, as here, the parties have not filed objections to the R&R, the Court reviews it for plain error.

B. Analysis

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). "Federal courts exercise limited jurisdiction and generally can hear only actions that either meet the requirements for diversity jurisdiction or that involve a federal question." Kivisto v. Kulmala, 497 F. App'x 905, 906 (11th Cir. 2012). Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states.

28 U.S.C § 1332(a). "[F]ederal-question jurisdiction may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." Jairath v. Dyer, 154 F.3d 1280, 1282 (11th Cir. 1998).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (citations omitted); see Novastar Mortg. Inc. v. Bennett, 173 F.Supp.2d 1358, 1361 (N.D. Ga. 2001) ("[T]he court must look only to the plaintiff's claim as a basis for federal jurisdiction."). "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists." Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). "[U]ncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

The Magistrate Judge found that, upon review of the record, "Defendant has not established federal question jurisdiction." ([2] at 2). The Magistrate Judge

4

stated that "[i]nstead, Defendant's Notice of Removal indicates that Plaintiff's action in the Magistrate Court of DeKalb County is a dispossessory action to evict Defendant after a foreclosure sale. (Id. at 3). The Magistrate Judge found further that "Defendant has not identified any federal question that Plaintiff's state-court dispossessory action raises," and that "[t]o the extent [] Defendant is attempting to remove this action by asserting defenses or counterclaims that invoke federal statutes or the federal Constitution, that basis of removal is also improper." (Id.); see also Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010) (citation omitted) 1381 ("If a federal question is not presented on the face of the complaint, it is no substitute that the defendant is almost certain to raise a federal defense."). The Magistrate Judge noted finally that Defendant has not properly alleged facts supporting diversity jurisdiction. (Id. at 4).

Defendant therefore has not shown that the Court has subject matter jurisdiction over this state dispossessory proceeding, and this action is required to be remanded to the Magistrate Court of Cobb County, Georgia. Dhinoja, 705 F. Supp. 2d 1378 (finding that the court lacked federal jurisdiction over a state dispossessory action, after it had been removed, and remanding to state court for further proceedings). The Court finds no plain error in the Magistrate Judge's findings and recommendations.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [2] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant James Goodwin's Motion to Stay [4] is **DENIED AS MOOT**.[2]

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the Magistrate Court of DeKalb County, Georgia.

**SO ORDERED** this 11th day of June, 2018.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Considering the Court lacks subject matter jurisdiction over this matter, the Court finds that Defendant's Motion to Stay is moot.